UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**DEANGELO M. PARKS, JR.**                                                                                    **PLAINTIFF**

v.                                                                         **CIVIL ACTION NO. 4:16-CV-P161-JHM**

**RON HERRINGTON**                                                                                             **DEFENDANT**

<u>MEMORANDUM OPINION</u>

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Deangelo M. Parks, Jr., leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Henderson County Detention Center (HCDC) Jailer Ron Herrington in his official capacity. In his complaint, Plaintiff alleges that his constitutional rights have been violated by various conditions of confinement at HCDC. For example, Plaintiff alleges that since he has been housed at HCDC, he has twice been served moldy bread. He also complains that a "sewage/waste smell" permeates HCDC at times and that this smell causes him to suffer from dizziness, stomachaches, and headaches. Plaintiff also alleges that his clothing has come back from the laundry "wet and with mildew smell." Plaintiff further states that HCDC is overcrowded and that he is housed with inmates "detoxing from hard drugs." Plaintiff also complains that he is housed in an area of HCDC that has no fire sprinklers. Finally, Plaintiff asserts that although he has filed several complaints regarding these issues, only some of his complaints have been addressed.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The only relief Plaintiff seeks in his complaint is transfer to another facility. However, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution. *Montanye v. Haymes*, 427 U.S. 236 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). In addition, Plaintiff has failed to demonstrate any state-created liberty interest in being transferred because, in Kentucky, the transfer of prisoners is within the discretion of the corrections cabinet. *See* Ky. Rev. Stat. § 197.065. Thus, a federal court only has the authority to order a State to transfer a prisoner in the rare and extreme situations where an inmate's life is in imminent or grave danger. For example, in *Streeter v. Hopper*, the Fifth Circuit held that a district court could order the transfer of two inmates who had presented evidence that their lives were in grave danger and that their present state facility was unable to adequately guarantee their safety. 618 F.2d 1178, 1182 (5th Cir. 1980). Similarly, in *Walker v. Lockhart*, the Eighth Circuit held that a district court could order that an inmate be transferred to another institution where the inmate, who had murdered a police officer, presented evidence that the warden at his current facility had threatened his life. 713 F.2d 1378, 1383 (8th Cir. 1983); *see also Moore v. Schuetzle*, 486 F. Supp. 2d 969, 981 (D.N.D. 2007) ("The administration of prisons, including particularly state prisons, is generally not within the province of the court, [except] in rare and extreme cases . . .").

The Court finds that Plaintiff's allegations do not suggest such a rare and extreme situation at HCDC that this Court would order a transfer. Thus, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Wheeler v.*

*Melanson*, No. 15-2419 SECTION P, 2016 U.S. Dist. LEXIS 67976 (W.D. La. Mar. 14, 2016) (dismissing prisoner § 1983 conditions-of-confinement action on initial review for failure to state a claim upon relief could be granted because the only relief inmate sought was transfer to another institution).

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: March 3, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
     Henderson County Attorney
4414.011